UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA – TAMPA DIVISION

GENERATION Z EDUCATIONAL HOLDINGS, INC.,

       Plaintiff

v.                                                   No. 8:14-cv-00203-VMC-MAP

LANGUAMETRICS, INC. fka LANGUAMETRICS, LLC.,

       Defendant

_____/

DEFENDANT'S ANSWER, COUNTERCLAIMS, AND JURY TRIAL DEMAND

Comes now defendant, through counsel, and files this answer with defenses, counterclaims, and jury trial demand. For its first response, answering each paragraph of the complaint, defendant states:

1. Admitted that plaintiff and defendant entered into the agreement attached to the complaint. Admitted that plaintiff paid defendants. Otherwise denied.
2. Denied.
3. This legal conclusion calls for no response.
4. Without knowledge and therefore denied.
5. Admitted.
6. This legal conclusion calls for no response. Admitted that defendant is domiciled in Florida.
7. Admitted that a substantial part of the cause of action arises in this District.
8. Admitted that Generation Z is affiliated with Barry O'Callaghan and Rise Education Management, an O'Callaghan affiliate. Generation Z carries on no present business

in China and is barred from this Chinese market after the sale of Rise-related entities to Bain Capital in October, 2013.

9. Without knowledge and therefore denied. The allegation appears to pretend that the Bain Capital sale in October, 2013, and its ensuing restrictions upon plaintiff and the former Rise entities, do not exist.

10. Admitted.

11. Admitted.

12. Admitted that Spiegel visited Ireland and China. Denied as to the last sentence.

13. Admitted that Dumont discussed Dumont and his boss O'Callaghan investing in defendant.

14. The agreement referenced here is not attached, therefore denied. Otherwise denied. Admitted that defendant signed the contract attached to the complaint. It speaks for itself and the description therefore is otherwise denied. Denied that the parties' intent was to benefit Rise Global as only Chinese companies can operate in China. The intent was to create a Chinese new company or "Newco" which Generation Z is barred from doing.

15. Admitted that defendant signed the contract attached to the complaint. It speaks for itself, and the description therefore is otherwise denied.

16 – 21. In these paragraphs plaintiff excerpts various snippets from the attached contract. Admitted that the snippets are quotes from the contract. Plaintiff's comments about these snippets in paragraphs 16 – 21 are denied. The attached contract must be taken as a whole, and its plain English text speaks for itself.

22. Admitted that plaintiff paid defendant $100,000 pursuant to the contract. Otherwise denied.

23 - 25. Defendant is without full knowledge of what Dumont and Cahill discussed. Defendant has no insight into Dumont thinking and "reservations." Otherwise denied. This plaintiff and the Rise entities are barred from competing in China due to the Bain Capital sale, which closed October, 2013.

26. Admitted that, although Dumont said he desired to and would re-assign the Exclusivity Agreement to any entity "of your choosing" for $105,000, no reassignment of these rights occurred because Dumont's boss O'Callaghan got into a larger dispute with Wang.

27. Denied.

28. Admitted that throughout 2013 Dumont knew what Spiegel/LanguaMetrics were doing in China. Dumont/O'Callaghan knew about Metrics China as a named entity at least as early as August 2013. In August 2013 O'Callaghan signed the Bain agreement which expressly excludes Metrics China from the non-competition covenants barring Rise and plaintiff from competing in China.

29 - 31. Denied. Dumont/Generation Z/O'Callaghan were aware of Metrics China.

32 – 39. Defendant has not consulted the subject web site, so allegations here as to what this site says in the Chinese language are denied as without knowledge.

40 - 44. Denied.

45. Prior responses are incorporated here.

46. Denied that the subject agreement is extant after plaintiff and related entities bound themselves not to compete in the China market by the sale to Bain Capital in October, 2013.

47 – 49.  Denied.  Concerning the "prayer for relief," the entire prayer should be denied. No contract or statute entitles plaintiff to attorneys' fees, so that claim is subject to be stricken.

DEFENDANT'S AFFIRMATIVE DEFENSES

I.    Waiver:  Dumont waived and acquiesced in any breach he alleges by defendant. Throughout 2013 Dumont was aware of the activities occurring in China, including those of defendant, of defendant's principal Spiegel, and the Chinese "Newco" that all parties understood was to be assignee of the rights of the attached contract.  Dumont, for plaintiff, sat on his rights, delaying for many months any attempt to collect the $100,000 which he asked in payment to reassign these rights to the Chinese new company.  The Bain Capital sale covenants, signed in August 2013 and closed in October 2013, bar this plaintiff and any related party from competing in the relevant Chinese market:  by entering the Bain transactions this plaintiff's affiliates and any plaintiff-related parties waived for plaintiff any intention to act in this market, thereby waiving rights under the contract sued upon here.

II. Estoppel:  The Bain Capital sale in October 2013 bars any participation in this relevant Chinese market by this plaintiff.  This estops plaintiff from asserting the claim otherwise in this suit.   Chinese law bars this plaintiff, a domestic U.S. corporation, from participating in this relevant Chinese market.  This estops plaintiff from asserting the claim otherwise in this suit.  The conduct of plaintiff's principal Dumont throughout 2013, being aware of Spiegel/LanguaMetrics activities in China with the anticipated Chinese "Newco," and taking no action, yet deliberately delaying for months, estops plaintiff from making these present claims.

III. Illegality:  It is illegal under Chinese law for this American plaintiff to enter the Chinese domestic market as it asserts it wishes to do.  It is contrary to law for this plaintiff to compete in this relevant Chinese market after the Bain Capital sale of October, 2013.

IV. Mitigation of Damages:  Plaintiff has not mitigated its alleged damages.  The conduct of plaintiff and its principal Dumont have caused and aggravated any damages alleged.

V. Third-party Damage Causation:  The actions and omissions of third-parties have caused in whole or part, any alleged damages.  These third-parties include but are not limited to Dumont, Barry O'Callaghan, Paul Wang, Metrics China,  Bain Capital, and various Rise-related entities that were part of the sale to Bain, such as the Rise Group of Companies.

COUNTERCLAIMS BY DEFENDANT AGAINST PLAINTIFF

Defendant brings these counterclaims against plaintiff for breach of the Exclusivity Agreement attached to the complaint.

COUNT ONE – BREACH OF CONTRACT

1. Generation Z and LanguaMetrics entered into the Exclusivity Agreement attached to the complaint.   Generation Z was used as a funding vehicle, to help begin development of products for the English-teaching market in greater China.  Under terms of the agreement, either Generation Z was going to develop this market, or Generation Z was going to assign the LanguaMetrics rights to a third party.  In either of Generation Z's duties, the purpose was to permit LanguaMetrics to efficiently and properly develop products in the relevant market.
2. Generation Z breached both its duties under the contract:  it did not develop the market itself nor did it assign the LanguaMetrics rights to someone who could.
3. Generation Z did not develop the Chinese market itself, and never truly intended to, thereby breaching the contract with LanguaMetrics.  Instead, the principals and related parties of Generation Z entered into a sale of assets to Bain Capital in October, 2013.  This Bain sale barred any Generation Z, Rise Global, and O'Callaghan affiliate activity in the relevant market in China, rendering  Generation Z's ability to compete in the market nugatory and void.
4. Nor did Generation Z accomplish assignment of the LanguaMetrics rights.  Dumont, the principal of Generation Z, admitted in emails that he delayed accomplishing an assignment of LanguaMetrics rights, as he was busy with other matters.  This

Dumont-induced delay, for nearly a year, happened even though LanguaMetrics' principal Spiegel had agreed months prior with Dumont to such a reassignment.

5. The breach of contract by Generation Z has proximately damaged LanguaMetrics. LanguaMetrics prays for damages and costs.

COUNT TWO – PRAYER FOR DECLARATION ON THE SUBJECT CONTRACT

1. A dispute exists.  The two parties before this Court are uncertain of their rights under the contract attached to the complaint.  This Court possesses direct and ancillary jurisdiction to issue a declaratory judgment concerning this matter in direct dispute.  28 U.S.C. 2201(a).

2. LanguaMetrics states that Generation Z rendered the subject contract nugatory and unenforceable when its related parties entered into the Bain Capital sale of October, 2013.  This Bain sale involved noncompetition terms that bar Generation Z and affiliates from participating in the relevant Chinese market for English-teaching educational testing products.   The text of this bar is cited in the Declaration of Paul Wang, filed in this matter.  Doc. 22  Ex. 3.  Generation Z and affiliates possess these Bain sale documents, as do their present counsel.

3. LanguaMetrics further states that Generation Z, as a United States domestic corporation, is barred by Chinese law from participating in this relevant Chinese market.

WHEREFORE, the Court should declare that Generation Z has effectively cancelled any rights it may have in participating in the relevant Chinese market, thereby frustrating the purpose of, and rendering nugatory the contract with

LanguaMetrics that Generation Z has sued upon and attached to its complaint.

Further, LanguaMetrics prays for costs.

JURY TRIAL DEMAND

Defendant demands trial by jury on all issues so triable.

CERTIFICATE OF SERVICE: I HEREBY CERTIFY that the foregoing was served this 18th day of February, 2014 to all persons participating in the ecmf filing system.

RESPECTFULLY SUBMITTED,

*/s/ William F. Jung,* Fla. Bar No. 380040

Jung & Sisco, P.A.

101 E. Kennedy Blvd., Suite 3920

Tampa, Fl. 33602

(813) 225-1988

wjung@jungandsisco.com