**UNITED STATES DISTRICT COURT FOR THE**
**MIDDLE DISTRICT OF FLORIDA**

**Case No.: 8:14-cv-00203-VMC-MAP**

------------------------------------------------------------------------x
GENERATION Z EDUCATION HOLDINGS, INC., :
:
        Plaintiff, :
:
vs. :
:
LANGUAMETRICS, INC. :
F/K/A LANGUAMETRICS, LLC, :
:
        Defendant. :
------------------------------------------------------------------------x

**PLAINTIFF'S MOTION FOR LEAVE TO**
**FILE A SUPPLEMENTAL DECLARATION IN**
**<u>SUPPORT OF ITS MOTION FOR A PRELIMINARY INJUNCTION</u>**

Plaintiff hereby respectfully requests leave of this Court to file supplemental authority – to wit, a supplemental declaration of Greg DuMont in further support of its motion for a preliminary injunction filed on January 27, 2014 (doc. 2).

Defendant filed a response to Plaintiff's motion for a preliminary injunction on February 17, 2014. The response papers attach certain emails written by Mr. DuMont and assert that Mr. DuMont's initial declaration was "false," "not honest" and "untrue." Although the facts set forth in the response declarations are largely true, they leave out key facts, take Mr. DuMont's emails out of context and create an overall impression which is misleading. Plaintiff therefore submits that it would be appropriate and helpful to the Court to allow Mr. DuMont to submit a supplemental declaration, responding to the Defendant's attacks on his integrity, placing his emails in context, and correcting the misleading impression left by Defendant's omission of key facts.

Specifically, Defendant's response papers, though they concede that Defendant is breaching its Exclusivity Agreement with Plaintiff, contend that such breach is excusable and will not harm Plaintiff because Plaintiff was supposedly willing to assign its rights to "any entity," thus supposedly belying its claim of irreparable harm, as supposedly reflected in emails written by Mr. DuMont. These assertions take use of Mr. DuMont's words "any entity" out of context and leave out the crucial point: Plaintiff was willing to assign its rights to any entity ***with commercially aligned interests and under common ultimate ownership.*** But Plaintiff never contemplated, and never would have permitted, assignment of its rights to a party (like the party to whom Defendant is effectively transferring Plaintiff's rights in breach of the Exclusivity Agreement) that is not commercially aligned or under common ultimate ownership. When Mr. DuMont's emails are put in context, and the misimpression conveyed by Defendant's omissions are corrected, it is clear that Mr. DuMont's emails are not at all inconsistent with his initial declaration or Plaintiff's claim that it is suffering irreparable harm.

Mr. DuMont's proposed supplemental declaration will be helpful to the Court in that it will explain the context for the emails relied upon by Defendant and, by providing such context and filling in key facts omitted from Defendant's papers, demonstrate that Defendant's presentation is misleading and that Mr. DuMont's initial declaration was not "false" or "untrue." The supplemental declaration is relatively brief (just over 6 double-spaced pages, including the case caption) and would not attach any exhibits.

Generation Z therefore respectfully requests that the Court enter an order granting leave to file a Supplemental Declaration of Greg DuMont.

Plaintiff's counsel certifies, pursuant to Local Rule 3.01(g), that it has conferred with opposing counsel about the relief requested herein and that opposing counsel does not assent to such relief.

Dated:  February 25, 2014

Respectfully submitted,

**DEBEVOISE & PLIMPTON LLP**

/s/ Jyotin Hamid
JYOTIN HAMID (*Pro Hac Vice*)
TRICIA B. SHERNO (*Pro Hac Vice*)
jhamid@debevoise.com
tbsherno@debevoise.com
919 Third Avenue
New York, New York  10022
Telephone:  (212) 909-6000
Facsimile:  (212) 909-6836

**AKERMAN LLP**
ARLENE K. KLINE
Florida Bar No. 104957
arlene.kline@akerman.com
222 Lakeview Avenue, Fourth Floor
West Palm Beach, FL  33401-6183
Telephone:  (561) 653-5000
Facsimile:  (561) 659-6313

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 25, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system and that a true and correct copy of the foregoing has been furnished by CM/ECF to all counsel of record.

/s/ Jyotin Hamid
JYOTIN HAMID
Admitted *Pro Hac Vice*
Debevoise & Plimpton LLP
919 Third Avenue
New York, NY  10022
(212) 909-1031
(212) 909-6836
jhamid@debevoise.com